IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

BRENT ROWAN,                    )
                                )
    Plaintiff,              )
                                )
VS.                             )   No. 15-2139-JDT-dkv
                                )
DEPARTMENT OF LABOR, et al.,    )
                                )
    Defendant.              )

ORDER DIRECTING PLAINTIFF TO PAY THE FULL $400 CIVIL FILING FEE
ORDER DENYING PENDING MOTIONS
AND
ORDER PROHIBITING FURTHER FILINGS UNTIL FILING FEE IS PAID

    On February 25, 2015, Plaintiff Brent Rowan, booking number 15102052, an inmate at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983. (§ 1983 Compl., *Rowan v. Dept. of Labor*, 2:15-cv-02139-JDT-dkv (W.D. Tenn.), ECF No. 1.) Rowan filed an accompanying motion seeking leave to proceed *in forma pauperis*. On May 15, 2015 and May 27, 2015, Rowan filed motions for the Court to review multiple documents regarding insurance claims for accidents that allegedly occurred at Jail. (Mot. for Judge to Review Unemployment Ins. Claims, *id.*, ECF Nos. 5 & 6). On May 27, 2015, Rowan filed a Motion for the Court to review a notice of consent decree. (Mot. for Judge to Review Not. of Consent Decree, *id.*, ECF No. 7.)

    Under the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b),

a prisoner bringing a civil action must pay the full filing fee of $400 required by 28 U.S.C. § 1914(a).[1] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed three previous lawsuits that were dismissed for failure to state a

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." Effective May 1, 2013, the Judicial Conference prescribed an additional administrative fee of $50 for filing any civil case, except for cases in which the plaintiff is granted leave to proceed in forma pauperis under 28 U.S.C. § 1915.

2

claim or as frivolous.[2] Therefore, Plaintiff may not take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) unless he is in imminent danger of serious physical injury.

It is also necessary to consider whether the exception to the "three strikes" provision is applicable here. The assessment whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See*, *e.g.*, *Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

Plaintiff sues the Department of Labor, the Department of the Treasury, the Social Security Administration, the Memphis Bar Association, and the Equal Employment Opportunity Commission ("EEOC"). The complaint alleges:

> I have requested tax transcripts from 251 Adams Avenue, Memphis, TN 38103; Attn: Rowan Law Firm. So, I need my law firm to be registered with the Department of Labor. And, I need revenue to increase assets for my firm. For example, I need more administrative costs. That increases my expenditures for the firm. I will take the assets of my corporation for a new [indistinguishable word] with a projected revenue of 2 million dollars. I claim that Rowan Law Firm's approximate value is 1 million dollars after liabilities. What is Chapter 11 Bankruptcy?

(§ 1983 Compl., *Rowan v. Dept. of Labor*, 2, ECF No. 1.)

Plaintiff's complaint does not allege that he was in imminent danger of serious

---

[2] Plaintiff has filed a multitude of lawsuits in this district, most of which were commenced when he was not a prisoner. Service has not been ordered in any of Plaintiff's suits. Plaintiff incurred "strikes" under 28 U.S.C. § 1915(g) for *Rowan v. Pizza Hut*, No. 2:10-cv-02658-JDT-dkv (W.D. Tenn.) (dismissed for failure to state a claim Sept. 2, 2011); *Rowan v. Currie*, No. 2:12-cv-02264-JDT-dkv (W.D. Tenn.) (dismissed for failure to state a claim Nov. 26, 2012); and *Rowan v. City of Memphis*, No. 2:12-cv-02707-JDT-cgc (W.D. Tenn.) (dismissed for failure to state a claim Feb. 7, 2013).

physical injury on the day he commenced this action. "Allegations that are conclusory, ridiculous, or clearly baseless are . . . insufficient for purposes of the imminent-danger exception." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012). Plaintiff has "failed to plead facts supporting a finding of imminent danger on the date that he filed his complaint." *Taylor*, 508 F. App'x at 492-93. Because this complaint does not come within the exception to 28 U.S.C. § 1915(g), the Court cannot consider it on the merits unless Plaintiff first tenders the civil filing fee. Plaintiff may not proceed in forma pauperis pursuant to U.S.C. § 1915(g).

Plaintiff is ORDERED to remit the entire $400 civil filing fee within thirty (30) days of the date of filing of this order. Failure to do so will result in the assessment of the filing fee directly from Plaintiff's inmate trust fund account and dismissal of this action for failure to prosecute. *Alea*, 286 F.3d at 381-82.

Plaintiff's complaint has not been served on any Defendant. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is DENIED. Plaintiff's remaining pending motions (ECF Nos. 5-7) are also DENIED. Plaintiff is ORDERED to file no further motions in this action until he has remitted the entire filing fee. The Clerk is directed to return any further motions to Plaintiff until the filing fee is paid.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE